**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

JAMES WATSON                                                                                            PLAINTIFF

V.                                    3:11CV00269 BRW

BOBBY EPHLIN, Sergeant,
Second Judicial Drug Task Force, et al.                                                  DEFENDANTS

**ORDER OF PARTIAL DISMISSAL**

Plaintiff, James Watson, is confined in the Mississippi County Detention Facility. He has recently filed a *pro se* § 1983 Complaint and an Amended Complaint alleging that Defendants violated his constitutional rights. *See* docket entries #2 and #5. The Court will separately review each of Plaintiff's claims pursuant to 28 U.S.C. § 1915A.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that, when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley*, 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely*

## II. Discussion

Plaintiff alleges that, on February 3, 2011, Defendant Sergeant Ephlin used excessive force when he arrested him in Luxora, Arkansas. *See* docket entries #2 and #5. Plaintiff further contends that Defendants Sergeant Barnett, Sergeant Lassley, Captain Thompson, Lieutenant Henry, Sergeant Ellis, and Patrolman Carr witnessed the incident, but failed to protect Plaintiff from Defendant Ephlin's use of excessive force. *Id.* The Court concludes, *for screening purposes only*, that Plaintiff has stated viable § 1983 claims against each of the Defendants, in their individual capacities.

Plaintiff also has named each of the Defendants in their official capacities. *Id.* A suit against city employees, in their official capacities, is a suit against the city itself. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010); *Dornheim v. Sholes*, 430 F.3d 919, 926 (8th Cir. 2005). In § 1983 action, cities and may not be held vicariously liable for the acts of their employees. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658 (1978); *Kuha v. City of Minnetonka*, 365 F.3d 590, 603 (8th Cir. 2003). However, a city may be held liable if a constitutional violation is committed pursuant to an official policy, custom, or practice. *See Copeland v. Locke*,

---

*v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

613 F.3d 875, 882 (8th Cir. 2010); *Avalos v. City of Glenwood,* 382 F.3d 792, 802 (8th Cir. 2004). Importantly, the official policy, custom, or practice must be the "cause of" or "moving force behind" the constitutional violation. *Monell,* 436 U.S. at 694; *Avalos*, 382 F.3d at 802.

Plaintiff does not allege that the Defendants who were individually involved in the use of excessive force or the failure to protect him from that use of force did so as a result of an official city policy, custom, or practice. Thus, his claims against Defendants, in their official capacities, will be dismissed without prejudice.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, Plaintiff's claims against Defendants, in their official capacities, are DISMISSED, WITHOUT PREJUDICE.

2. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal taken from this Order of Partial Dismissal would not be taken in good faith.

3. Plaintiff may PROCEED with his excessive force and failure to protect claims against Defendants, in their individual capacities.

4. The Clerk is directed to prepare a summons for each of the Defendants.

The U.S. Marshal is directed to serve the summons, Complaint, Amended Complaint, and this Order on them without prepayment of fees and costs or security therefor.

Dated this 24th day of January, 2012.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE