IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES WATSON                                                                                          PLAINTIFF

VS.                                             3:11-CV-00269-BRW

BOBBY EPHLIN, *et al.*                                                                          DEFENDANTS

## ORDER

It appears Plaintiff desires to settle this case. He notes, however, that it will take $250,000 -- "Not a penny less."[1] Settlement offers must be mailed directly to opposing counsel and not filed in the record. The Clerk is directed to refrain from docketing any future settlement offers in this case.

Plaintiff has notified me that he does not know his witnesses' address.[2]

Plaintiff has asked that he "be given the right to bring his witnesses to court."[3] It is unclear whether Plaintiff is seeking court action. Since it is neither titled "motion" nor directed to me, I assume that he was not.[4] If my assumption is wrong, Plaintiff should feel free to file a motion specifying what action he requests that I take. I will note, however, that I cannot imagine a better way to put on a witness's testimony than to have the witness in court.

Plaintiff has filed several discovery-related documents (Doc. Nos. 50, 53, 56, 57, 58). Discovery requests and responses are not to be filed in the record -- they must be mailed directly to opposing counsel, along with a certificate of service.[5] The Clerk is directed to refrain from docketing any future written discovery in this case.

---

[1] Doc. No. 54.

[2] Doc. No. 55.

[3] *Id.*

[4] The letter was addressed, "To whom it may concern." *See* Doc. No. 55.

[5] *See* Fed. R. Civ. P. 5(d).

Plaintiff has filed a Motion to Compel (Doc. No. 59), seeking an order compelling answers to six interrogatories. It appears from the Defendants' Answers,[6] however, that all six interrogatories have been answered. Further, Plaintiff has not complied with Local Rule 7.2(g).[7] Accordingly, Plaintiff's Motion (Doc. No. 59) is DENIED.

Defendant Ephlin has filed a Motion to Strike (Doc. No. 62), asking that I strike Plaintiff's second set of interrogatories propounded to Defendant Ephlin[8] and Plaintiff's Request for Production of Documents.[9] The discovery requests made after May 1, 2013 are untimely.[10] Moreover, the parties have had ample time to conduct discovery.[11] Accordingly, Defendant Ephlin's Motion (Doc. No. 62) is GRANTED. Accordingly, all untimely discovery requests filed by Plaintiff (Doc. Nos. 56, 57, 58) are struck.

IT IS SO ORDERED this 10th day of May, 2013.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[6] Doc. No. 61.

[7] *See also*, Fed. R. Civ. P. 37(a)(1).

[8] Doc. No. 57.

[9] Doc. No. 58.

[10] Doc. No. 43.

[11] *See* Fed. R. Civ. P. 26(b)(2)(C).