IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES WATSON                                                                                            PLAINTIFF

VS.                                             3:11-CV-00269-BRW

BOBBY EPHLIN, *et al.*                                                                          DEFENDANTS

## ORDER

Pending is Plaintiff's Motion for Summary Judgment (Doc. No. 70). Defendant has responded,[1] and though Mr. Watson has not replied, his time for doing so has passed. Defendant's response is also a Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. No. 71). For reasons set out below, both Motions are DENIED.

### I.     BACKGROUND[2]

Plaintiff James Watson has sued Sergeant Bobby Ephlin, alleging that Sgt. Ephlin violated his constitutional rights by using excessive force during Mr. Watson's arrest on February 3, 2011. According Mr. Watson, he was at a home in Luxora, Arkansas, when out the window he saw several police officers getting out of their vehicles. Knowing that he had several warrants out for his arrest, he ran to the bedroom and hid under a bed. When the officers found him, they pulled him from beneath the bed and searched him. The officers placed his hands behind his back and cuffed them. As Sgt. Ephlin escorted Mr. Watson from

---

[1] Doc. No. 71.

[2] Unless otherwise noted, the facts from the Background section come from Mr. Watson's Complaint and Amended Complaint (Doc. Nos. 2, 5).

the home, Sgt. Ephlin forced Mr. Watson's head into a wall -- busting his eye.  Sgt. Ephlin has denied the allegations.[3]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[4]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[5]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[6]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[7]  I must view the facts in the light most favorable to the party opposing the motion.[8]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the

---

[3] *See* Doc. No. 18.

[4] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[6] *Inland Oil & Transp. Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[7] *Id.* at 728.

[8] *Id.* at 727-28.

record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[9]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[10]

### III. DISCUSSION

In Mr. Watson's Motion for Summary Judgment, he asserts that "it is a *proven fact* that my eye was busted [on February 3, 2011] due to [Sgt. Ephlin's] use of excessive force."[11] But, whether Sgt. Ephlin used excessive force -- a material fact -- remains in genuine dispute.[12]

### CONCLUSION

Accordingly, Mr. Watson's Motion is DENIED. To the extent Sgt. Ephlin's response also is a Motion to Strike, it is DENIED as moot.

IT IS SO ORDERED this 15th day of July, 2013.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[9] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[10] *Anderson*, 477 U.S. at 248.

[11] Doc. No. 70 (emphasis added).

[12] *See* Doc. No. 18.