**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**JAMES WATSON**                                                                                                              **PLAINTIFF**

**VS.**                                                    **3:11-CV-00269-BRW**

**BOBBY EPHLIN,** *et al.*                                                                                              **DEFENDANTS**

<u>**ORDER**</u>

Pending is Plaintiff James Watson's Motion (Doc. No. 92), in which Mr. Watson requests the Court to set aside the Court's June 18, 2013 Order that dismissed several of the defendants. For the reasons set out below, the motion is DENIED.

On May 16, 2013, separate defendant Chris Lassley filed a Motion to Dismiss[1] and separate defendants Betty Thompson, Jerry Henry, Grant Barnett, Chris Ellis, and Kyle Carr filed a Motion for Summary Judgment.[2] Mr. Watson's responses to the motions were due on June 3, 2013.[3] Three days after that due date, I sent Mr. Watson a letter informing him that, if he did not respond by June 13, 2012, I would grant the motions.[4] On June 18, 2013, still having no response from Mr. Watson, I granted the motions and dismissed all defendants but Bobby Ephlin.[5] The next day, Mr. Watson filed a notice of address change.[6]

---

[1] Doc. No. 65.

[2] Doc. No. 67.

[3] See Local Rule 7.2(b).

[4] Doc. No. 75.

[5] Doc. No. 79.

[6] Doc. No. 80.

1

Now, more than three months after his responses were due, Mr. Watson informs the Court that he "never received any paper work about a summary judgment" and that he "would like for the cases to be opened back up because [he] never received any paper work about a summary judgment."[7] Lastly, he notes that the prison where he was detained returned the "paper work" to the Court because he was released by the time the "paper work" arrived.[8]

Though it is Mr. Watson's duty "to promptly notify the Clerk and the other parties to the proceedings of any change in his . . . address, to monitor the progress of the case, and to prosecute . . . the action diligently,"[9] it is unclear exactly what "paper work" he claims he never received.

Accordingly, Mr. Watson is directed to forthwith identify exactly what "paper work" he did not receive and the date on which he was released from Cummins. If this information is not submitted before 5:00 p.m., Tuesday, September 31, 2013, I will summarily deny the motion.

IT IS SO ORDERED this 16th day of September, 2013.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[7] Doc. No. 92.

[8] *Id.*

[9] Local Rule 5.5.

2